UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X

SAMANTHA NICOLE HORTON,                              Index No. 22 Civ. 772

                                        Plaintiff,          **COMPLAINT**

                     -against-                             **Jury Demand**

WHOLE FOODS MARKET, INC.,

                                        Defendant.

--------------------------------------------------------------------X

Plaintiff Samantha Nicole Horton, by her attorneys, Advocates for Justice, Chartered Attorneys, for her Complaint against Defendant Whole Foods Market, Inc. ("WF" or "Whole Foods") alleges as follows:

## PRELIMINARY STATEMENT

1.      This is an employment discrimination case brought pursuant to New York State and New York City Human Rights Laws, against the defendant Whole Foods Market, Inc. ("Defendant Whole Foods" or "Defendant WF"). Plaintiff, an employee of Defendant WF, was discriminated against, harassed and subjected to a hostile work environment because of her gender, specifically because of her gender identity and gender expression. In addition, she was refused promotion based on her gender identity, when cisgender employees with less experience received promotions. She complained to management repeatedly and asked for assistance. In most cases Plaintiff's complaints were not acted upon or satisfactorily resolved.

## JURISDICTION AND VENUE

2.      Jurisdiction is based upon diversity and venue is based on the residence of the plaintiff and is appropriate as defendant operates several retail locations in the Southern District.

## PARTIES

3.      Plaintiff Samantha Nicole Horton is a resident of Bronx County, New York and was at all relevant times employed by Defendant Whole Foods.

4.      Defendant Whole Foods is a foreign corporation registered to do business in the State of New York.

## FACTS RELEVANT TO ALL CAUSES OF ACTION

5.      Plaintiff is a transgender woman who has fully transitioned medically and socially.

6.      Plaintiff was hired as a cashier at Bryant Park Whole Foods ("Whole Foods" or "WF") in or about August 2, 2018.

7.      Plaintiff worked this position on overnights until on or around February of 2019.

8.      Immediately upon beginning her term working at Whole Foods, Plaintiff found herself repeatedly correcting coworkers misgendering her.

9.      Misgendering and discriminatory conduct against Plaintiff increased when she changed to the day shift on or around January 30 or February 2019.

10.     Though misgendering and discriminatory behavior was persistent, Plaintiff endured specific incidents of discrimination, such as:

a.      On or around February 2019, Plaintiff's coworker, later supervisor, identified as Randy, called her "Papi." Multiple coworkers and fellow Whole Foods employees witnessed this incident, including Rebecca Hobal.

b.      Two individuals who worked the salad bar would call regularly call Plaintiff "Papi." Multiple coworkers and fellow Whole Foods employees witnessed this incident, including Joyce Gonzales, Kenya Ward, and a coworker identified as Erica. Plaintiff verbally informed

2

management of this discrimination. At the time, Plaintiff's supervisor was an individual known as Janice.

c.      A coworker approached Plaintiff on or about April 27, 2020, and told her that her new hairstyle was not fooling anyone. Multiple coworkers and fellow Whole Foods employees witnessed this incident, including Joyce Gonzalez. Plaintiff did not report this incident, as she believed based on prior experience that nothing would be done.

d.      A coworker identified as Vernita misgendered Plaintiff repeatedly when they first began interacting. A coworker witnessed these interactions. This happened on or around April 2019.

e.      On or around October 2019, a newly hired barista misgendered Plaintiff. The barista failed to correct her behavior after Plaintiff attempted to correct her. An Individual identified as Mary witnessed this incident.

f.      Another coworker, identified as Rene, referred to Plaintiff as "the man" on a daily basis. Plaintiff attempted to correct this behavior, but was unable to do so.

11.    Plaintiff reported the discrimination she faced, with no remediation taken by management.

12.    Whole Foods failed to protect Plaintiff from constant, weekly or daily, misgendering and discrimination

13.    Plaintiff informally reported some discrimination to a supervisor known as Janice on or around April 2019. This supervisor claimed to have spoken to some employees about this matter. Plaintiff felt the burden to obtain relief was on her own shoulders.

14.    In addition to failing to protect plaintiff from misgendering by coworkers, Whole Foods discriminated against Plaintiff by refusing or failing to promote her.

15. An individual identified as Randy, who had misgendered Plaintiff at least once and was trained by Plaintiff, was promoted despite starting at the store after her.

16. On at least one occasion, an individual other than Plaintiff was promoted after three months of work.

17. Plaintiff attempted to obtain promotions such as:

a. On or around May 2019 Plaintiff applied to and was denied a promotion. This promotion was given to Randy, who had been trained by Plaintiff.

b. On or around December 2019 Plaintiff applied to and was denied a promotion. Plaintiff was denied this promotion on the basis she did not have enough experience. The promotion was instead given to an individual named Jules, who had started working at Whole Foods in August 2019.

18. The explanation for the failure to promote Plaintiff was that she had not worked at the store long enough. Since at least on or around January 30, 2019 or February 2019, Plaintiff worked at this store location 40 hours a week.

19. Plaintiff was terminated on or about April 27, 2020. Her termination followed an altercation with a coworker, who had previously misgendered Plaintiff on multiple occasions.

## <u>AND AS FOR A FIRST CAUSE OF ACTION</u>

20. The allegations contained in paragraphs above are incorporated by reference as though fully set forth herein.

21. Defendant was Plaintiff's employer within the meaning of the New York State Human Rights Law ("NYSHRL"), and has discriminated against, harassed, and subjected Plaintiff to a hostile work environment on the basis of her gender identity in violation of New York Executive Law § 296.

22.     Defendant retaliated against Plaintiff for complaining about gender identity-based discrimination, harassment and hostility in violation of New York Executive Law §296.

23.     Defendant caused, attempted to cause, contributed to, or caused the continuation of retaliation against Plaintiff in violation of NYSHRL by failing to take remedial measures.

24.     By reason of Defendant's retaliation, Plaintiff is entitled to all remedies available for violations of New York Executive Law § 296.

## AND AS FOR A SECOND CAUSE OF ACTION

25.     The allegations contained in paragraphs above are incorporated by reference as though fully set forth herein.

26.     Defendant was Plaintiff's employer within the meaning of the New York City Human Rights Law ("NYCHRL"), and has discriminated against, harassed, and subjected Plaintiff to a hostile work environment on the basis of her gender identity in violation of NYC Administrative Code § 8–107(1)(a)(2), (1)(a)(3), and (6).

27.     Defendant retaliated against Plaintiff for complaining about gender identity-based discrimination, harassment and hostility in violation of NYC Administrative Code § 8–107(7).

28.     Defendant caused, attempted to cause, contributed to, or caused the continuation of retaliation against Plaintiff in violation of NYCHRL by failing to take remedial measures.

29.     By reason of Defendant's discrimination, harassment, hostility and retaliation, Plaintiff is entitled to all remedies available for violations of NYC Administrative Code § 8-107(1)(a)(2), (1)(a)(3), and (6).

## JURY DEMAND

30.     Plaintiff demands a jury trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered:

1.      Awarding Plaintiff emotional distress damages in the sum of no less than $1,000,000;

2.      Awarding compensatory and punitive damages to Plaintiff;

3.      Ordering Defendant to make Plaintiff whole by providing her with appropriate lost earnings and benefits, and other affirmative relief;

4.      Awarding litigation costs and expenses, including, but not limited to reasonable attorneys' fees, to Plaintiff; and

5.      Granting Plaintiff such other and further relief as the Court deems proper and just.

Dated: New York, New York
       January 28, 2022


ADVOCATES FOR JUSTICE
CHARTERED ATTORNEYS
Attorneys for Plaintiff

By:_____/s/ *Laine Alida Armstrong*_____
           Laine Alida Armstrong
225 Broadway, Suite 1902
New York, New York 10007
(212) 285-1400
laine@advocatesny.com

6